JOHN WATSON, jun. *against* CHARLES CHURCHILL.

*A.* brought an action of slander against *B.* for saying, that he was a thief, and had stolen his spar; *B.*, in an action of trespass, had recovered a judgment against *A.*, with vindictive damages, for having, tortiously,and maliciously, taken away and convert-ed to his own use, the spar, in relation to which, the words were spoken; on the trial of the action of slander, *B.* in mitigation of damages, of-fered in evi-dence, the record of the verdict and judgment in his favour against *A.*: Held, that suchevidence was inadmis-sible.

MOTION for a new trial.

This was an action of slander. It was stated in the dec-laration, that the plaintiff was a merchant and ship-builder ; that the defendant, maliciously contriving to defame his good name and reputation, and to injure him in his business, at divers times and places, uttered and published, of, and concer-ning the plaintiff, certain false and scandalous words, and among other things, that the plaintiff was a thief, and had stolen his spar, and that he could prove it ; and also, that the plaintiff was a cheat, and could not be trusted in his business and occupation; to the damage of the plaintiff 2000 dollars, &c.

The cause was tried before the Superior Court, on the plea of *not guilty ;* and the jury returned a verdict for the plaintiff, with 250 dollars damages.

On the trial, it was claimed by the defendant, that a short time previous to the uttering and publishing of the words set forth in the declaration, the plaintiff had tortiously taken and carried away a certain spar belonging to the defendant, of the value of 48 dollars, and suitable for a mast, with intent to obstruct and prevent him from completing a certain vessel, which he was then building. In proof of which facts, and in mitigation of damages, the defendant offered in evidence, the record of a verdict and judgment, in an action of trespass brought by *Churchill* against *Watson*, in which, the plaintiff, before the Superior Court, held in the county of *Middlesex*, in *July*, 1811, recovered a judgment against *Watson*, for 175 dollars damages, for having taken, maliciously, and convert-ed to his own use, the spar above mentioned. The plaintiff objected to this evidence ; and the court adjudged it to be inadmissible. Whereupon, the defendant moved for a new trial, on the ground, that the court erred in rejecting the evi-dence by him offered as above mentioned. This motion was reserved for the consideration and advice of the nine Judges.

*N. Smith*, in support of the motion, contended, that the court erred in rejecting the evidence offered by the defendant. No principle is better established, than that a verdict in a cause between the same parties, relating to the same subject matter, is proper evidence. If this evidence was admissible, a new trial will of course be granted. It is not pretended, that the evidence was sufficient to make out a complete defence, a justification; it was offered only in mitigation of damages, and in this point of view, it is believed that it was proper. It was certainly proper to shew the circumstances, under which the words were spoken; and if any circumstances in relation to the conduct of the plaintiff existed, which were calculated to draw forth slanderous words from the defendant, it was proper that the facts should be laid before the jury. In a case of this sort, it would seem to be unreasonable, that the jury should give the same amount of damages, as would be expected in a case where the words were uttered without any pretence of justification, and out of mere malice. The fact proposed to be proved by the record was this; that a short time before the slanderous words were uttered, the plaintiff had forcibly, tortiously and maliciously, taken and carried away the identical thing, which the defendant charged him with having stolen. The case stands thus; the defendant says, that the plaintiff is a thief, and has stolen his property; and the defendant in his justification avers, that the plaintiff did, in fact, unlawfully take and carry away out of his possession, this very same property. The only question in the case is, whether the evidence offered, was relevant? If it was not irrelevant, it ought to have gone to the jury; and whether it would have had little or no effect, is a question which need not now be discussed. If there was any relevancy in the evidence; if it could have any bearing upon the cause; it ought to have been submitted to the consideration of the jury.

*Daggett* and *L. H. Clarke*, contra. The evidence offered by the defendant, on the trial before the Superior Court, was clearly inadmissible. It is true, the parties to the record,

Vol. V.				H h

June, 1812.

WATSON
v.
CHURCHILL.

were the same in that case, as in the present; but the great difficulty is, that the facts proposed to be established by the record, were no way material to the issue on trial. The evidence was, therefore, totally irrelevant. A verdict and judgment, in an action of trespass, settles the right of possession merely; the right of property is not established. The record of the verdict, therefore, could prove nothing more, than that *Churchill* had a right to the possession of the spar, and that *Watson* violated that right. Surely, such evidence is altogether irrelevant. It does not, in any degree, conduce to prove or disprove any fact put in issue. The principle for which we contend, is illustrated in the case of *Hotchkiss* v. *Nichols*, 3 *Day's Rep.* 138. *Swift's Ev.* 17, 20.

TRUMBULL, J. The record of a verdict and judgment, is proper evidence on the trial of an action between the same parties, whenever it establishes any fact, material to the issue on trial: but if otherwise, it must always be rejected, on the ground of irrelevancy.

This is an action for slander, brought by *Watson* against *Churchill*, alleging, that he had charged him with being a thief, a cheat in his professional business; and also, among other things, declared that he had stolen a spar belonging to the defendant.

The parties were at issue on the plea of *not guilty*. The defendant offered in evidence a record of a verdict and judgment in a former action of trespass, in which he recovered against *Watson* 175 dollars and his costs, for his taking by force, and converting to his own use, a stick of timber, suitable for a mast, the property of *Churchill*, and of the value of 48 dollars, maliciously, and with intent to obstruct and prevent him from completing a vessel he was building. This record establishes, as between the parties, the fact of the trespass committed, and of the malicious intent.

It cannot be pretended, that proof of a trespass can be any justification for a slander, in charging the trespasser with theft; but it is urged, that this is admissible evidence in mitigation of damages; and that the party injured by a ma-

licious trespass on his property, is less criminal, than in case he had been guilty of the slander, from mere malice, without provocation.

The question is, how far this consideration can avail in mitigation of damages, to be recovered by the party slandered? It certainly does not lessen the injury his character may have suffered by the slander.

It is true, that when a person receives a provocation, and immediately retorts by defamatory language, the whole which passed at the time, is admissible evidence, as well because the provocation is a part of the same transaction, as because it may shew, that the slanderous expressions were merely words of heat and passion. But this rule can apply to that case only. In all other instances of previous injury, either the facts complained of do, or do not, lay a foundation for an action at law, by the party aggrieved. If they lay no foundation for an action, they are such as the law considers as no ground of recovery in damages, and of consequence, they can be no ground of consideration or set-off, in deduction from the damages recoverable in a suit by the other party. But if they lay a foundation for an action, the allowance of any sum by a jury, in mitigation of damages, can be no bar ; for the jury have no power of making a set-off.

No case can more clearly shew the absurdity of adopting a different principle, than the present. *Churchill* has recovered 175 dollars in damages, for a trespass in taking a spar of the value of 48 dollars only, at his own estimation. By the consideration of the court and jury, he has received a full compensation for all the injury he sustained ; and now claims a second compensation for the same trespass, by alleging the same facts in mitigation of the damages, to which the plaintiff is entitled in his action for slander.

The record was irrelevant, and improper to be admitted in evidence; the decision of the court was conformable to law ; and no new trial ought to be granted.

In this opinion, the other Judges severally concurred.

New trial not to be granted.